851 P.2d 980

**Ricky R. SHEPHERD, Claimant–Respondent,**

v.

**STAR CEDAR SALES, INC., Employer and Liberty Northwest Insurance Corporation, Surety, Defendants–Appellants,**

**and**

**Industrial Special Indemnity Fund, Defendant.**

**No. 20103.**

Supreme Court of Idaho, Boise, February 1993 Term.

April 30, 1993.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chtd., Boise, ID, for defendants-appellants. Robert L. Berlin, argued.

Goicoechea Law Offices, Chtd., Boise, ID, for claimant-respondent. James C. Arnold, argued.

JOHNSON, Justice.

This is a workers' compensation case. We hold that there is substantial and competent evidence to support the Industrial Commission's finding that the claimant established a prima facie case that he is permanently and totally disabled under the odd-lot doctrine. Because the employer and the surety did not carry their burden to prove the claimant's employability, we affirm the Commission's award.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Ricky Ray Shepherd injured his back while working for Star Cedar Sales, Inc.

(Star). Following examination and treatment by several physicians, Shepherd attempted to return to his former job with Star. After less than one hour on the job, Shepherd stopped working and reported severe back pain. Shepherd was then examined, evaluated, and treated by two physicians, who placed severe restrictions on the work Shepherd could do.

A private vocational rehabilitation specialist unsuccessfully attempted to find employment for Shepherd and concluded that Shepherd was not employable in the geographic area where Shepherd lived.

Shepherd applied for workers' compensation benefits. Following a hearing, the referee found that through the efforts of the vocational rehabilitation specialist Shepherd had proved other work was not available. The referee also found that given Shepherd's lack of training, skills, and physical abilities, it would have been futile for him to look for employment after he attempted to return to his former job. Based on these findings, the referee found that Shepherd had established a prima facie case of odd-lot status.

Because the referee found that Star and its surety had not demonstrated the availability of regular employment within Shepherd's abilities and had not met their burden of removing Shepherd from odd-lot status, the referee concluded that Shepherd is entitled to benefits for total and permanent disability.

The Commission adopted and confirmed the referee's findings and conclusion. Star and its surety appealed.

## II.

## THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S ODD-LOT AWARD.

Star and its surety assert that the Commission's findings are not support by substantial and competent evidence. We disagree.

In *Huerta v. School Dist. No. 431*, 116 Idaho 43, 773 P.2d 1130 (1989), the Court said:

Odd-lot status is a factual determination within the discretion of the Commission. We will sustain the Commission's finding on this issue, if it is supported by substantial competent evidence.

*Id.* at 47, 773 P.2d at 1134.

Having reviewed the record in this case, we conclude that there is substantial and competent evidence to support the Commission's finding that Shepherd is entitled to odd-lot status.

Star and its surety invite us to clarify the tests the Court restated in *Huerta* for determining whether a claimant has established a prima facie case of odd-lot status. *See Huerta*, 116 Idaho at 48–49, 773 P.2d at 1135–36. We have reviewed these tests and conclude that they are sufficiently clear. Therefore, there is no reason to clarify them.

## III.

## CONCLUSION.

We affirm the Commission's order awarding Shepherd benefits for permanent and total disability.

We award Shepherd costs on appeal.

Because we conclude that Star and its surety did not have a reasonable ground for this appeal, we award Shepherd attorney fees on appeal. *See* I.C. § 72–804; *Royce v. Southwest Pipe*, 103 Idaho 290, 295–296, 647 P.2d 746, 751–52 (1982).

McDEVITT, C.J., BISTLINE and TROUT, JJ., and MICHAUD, J. Pro Tem., concur.